IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCELLAS HOFFMAN,<br><br>                Plaintiff,<br><br>v.<br><br>KEVIN PISTRO et al.,<br><br>                Defendants. | CIVIL ACTION<br>NO. 21-03007 |

**Slomsky, J.**                                                                                      **February 11, 2022**

**OPINION**

**I.     BACKGROUND**

On October 10, 2003, Marcellas Hoffman ("Hoffman" or "Defendant") was convicted on all six counts in a Second Superseding Indictment charging him respectively with the following offenses: 1) conspiracy to distribute heroin and cocaine, in violation of 21 U.S.C. § 846 (Count One); 2) attempt to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (Count Two); 3) using and carrying firearms during and in relation to a drug trafficking crime (that is, the offense charged in Count Two), in violation of 18 U.S.C. § 924(c) (Count Three); 4) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count Four); 5) using and carrying firearms during and in relation to a crime of violence (that is, the conspiracy to commit Hobbs Act robbery charged in Count Four), in violation of § 924(c) (Count Five); and 6) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count Six). (Doc. No. 7 at 1-2.) (See also United States v. Oliver; Crim. No. 01-00169-2, E.D. Pa. 2001.)

Following his conviction, and after a remand from the Third Circuit Court of Appeals, Hoffman received a 65-year prison sentence on December 11, 2006. (Id. at 2.) He was sentenced to 30 years' imprisonment on Counts One, Two, and Six, and a concurrent term of 20 years'

1

imprisonment on Count 4.  (Id.)  Regarding Counts Three and Five, Hoffman was sentenced to 10-years and 25-years imprisonment, respectively, each sentence to run consecutively and consecutive 30-year imprisonment on the other Counts.  (Id.)  Subsequently, the Bureau of Prisons ("BOP") erroneously computed Mr. Hoffman's sentence, calculating his total sentence as 100-years imprisonment rather than the 65 years.[1]  (Id.)  After being transferred many times over the past twenty-one years, Hoffman is currently being held at United States Penitentiary at Hazleton ("USP Hazleton"), located in West Virginia.  (See Docs. No. 11, 12.)

In 2019, the United States Supreme Court decided the case United States v. Davis, 139 S. Ct. 2319, 2324 (2019).  In Davis, the Court held that § 924(c)(3)(B)'s "crime of violence" definition is unconstitutionally vague.  Id. at 2336.  The practical import of Davis is that courts are now tasked with determining whether a prior conviction falls within the "crime of violence" definition in 18 U.S.C. § 924(c)(3)(A): "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  (See also United States v. Oliver; 01-cr-00169-2, Doc. No. 360 n.5.)  Following the Davis decision, the Government and Defendant Hoffman agreed that Hoffman's 924(c) conviction on Count Five was invalid and that he had to be resentenced.  (Doc. No. 7 at 2.)  On June 17, 2021, Defendant was resentenced to a total term of 450 months, or 37 ½ years.  (Id. at 2-3.)

---

[1]  This error was based on mistaken belief that a 65-year term was imposed on Counts One, Two, Four, and Six, followed by consecutive terms totaling 35 years on Counts Three and Five.

On July 6, 2021, Hoffman filed the instant petition for habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2241.[2] (Doc. No. 1.) He asserts that 28 U.S.C. § 2241 governs "the execution of a federal inmate's sentence." (Doc. No. 1 ¶ 2.) The Petition is based on the BOP's original error in the calculation of his sentence that resulted in the imposition of the 100-year sentence. (See id. ¶¶ 8-9.) He also asserts that this error will be the basis of a civil lawsuit against the Government pursuant to the Unjust Conviction and Imprisonment Act, 28 U.S.C. §§ 1495 and 2513.

That same day, he filed a Motion for a Certificate of Innocence based on the Davis case. (See Doc. No. 2 at 2-3.) He reasons that "Davis overturned his conviction" and that the BOP erred in calculating his sentence. (Id.) Ultimately, he wishes to recover civil damages under 28 U.S.C. § 1495 and § 2513, and the certificate of innocence is needed to pursue this claim. (Id. at 1.)

On August 11, 2021, the Government filed a response to both the Petition and the Motion for a Certificate of Innocence. (Doc. No. 7.) The Government states that, since Defendant's resentencing on June 17, 2021, the BOP faithfully applied the new and correct judgment and sentence. (Id. at 3.) With good time credit, the BOP calculates that Hoffman's release date will be November 20, 2033. (Id.) The Government attached the BOP's updated calculations to its response. (See id. at 4-8.)

On December 6, 2021, Defendant filed a lengthy Reply, in which he included a "Motion for Discovery." (See Doc. No. 10.) He states that the BOP has failed to maintain accurate records

---

[2] On July 12, 2021, he filed the same Petition, except using forms provided to him by the USP Hazelton. (Doc. No. 4.) The forms reiterate the same argument he made in his Petition: that the BOP has still failed to correct his sentence after its error. (Id. at 8.)

and has not provided him with certain documents from his central file. (See id. at 3.)[3] Additionally, Hoffman maintains that the BOP has not fixed its calculation error and he is entitled to discovery on this issue. (Id. at 2.)

Hoffman filed another Motion on January 26, 2022. (See Doc. No. 12.) In this Motion, Hoffman seeks a transfer back to the Federal Detention Center ("FDC") in Philadelphia. (Id. at 1.) He claims that a Kevin Pistro[4] violated Federal Rules of Criminal Procedure 23[5] and 38 when he transferred Hoffman from FDC Philadelphia to an out-of-state detention facility because the transfer was not necessary. (Id. at 4.) He asserts he should be held in the Eastern District of Pennsylvania because of his pending Petition and appeal of his sentence. (Id.) For the following reasons, Defendant's Petition (Doc. No. 1), Motion for a Certificate of Innocence (Doc. No. 10), and Motion for a Transfer back to FDC Philadelphia (Doc. No. 12) will be denied.

## II. APPLICABLE LAW

Hoffman challenges the execution of his sentence under 28 U.S.C. § 2241. The Third Circuit Court of Appeals has held that 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (citations omitted). "Execution" has been defined as "put into effect" or "carry out." Id. at 536 (quoting Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005)). Thus, in order to challenge the BOP's execution of

---

[3] Hoffman has been sent most of the documents he requested in his Reply through his Counselor. (See Doc. No. 10 at 6.)

[4] Defendant states that Kevin Pistro is the Warden at FDC Philadelphia. (See Doc. No. 1.)

[5] Federal Rule of Criminal Procedure 23 essentially covers waiver of a jury trial and the size of a jury. See Fed. R. Crim. P. 23. This Rule is not applicable to Hoffman's Petition and will not be addressed further.

his sentence under 28 U.S.C. § 2241, Defendant must show that the BOP acted in a way that was "somehow inconsistent with a command or recommendation in the sentencing judgment." Id.

In addition, regarding the civil suit he wishes to file, 28 U.S.C. § 1495 provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned.

See also Crooker v. United States, 828 F.3d 1357, 1361 (Fed. Cir. 2016). Related to Section 1495 is 28 U.S.C. § 2513, which provides:

> (a) Any person suing under [28 U.S.C. § 1495] must allege and prove that:
>
> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

Thus, in order to file suit in the United States Court of Federal Claims under 28 U.S.C. § 1495, the court of conviction must first grant a defendant a certificate of innocence. 28 U.S.C. § 2513(b). See also Abu-Shawish v. United States, 898 F.3d 726, 732 (7th Cir. 2018). In order to be granted a certificate of innocence, a defendant must prove actual innocence. Savory v. Cannon, 947 F.3d 409, 434 (7th Cir 2020).

Finally, Federal Rule of Criminal Procedure 38(b)(2) provides as follows:

> If the defendant is not released pending appeal, the court may recommend to the Attorney General that the defendant be confined near the place of the trial or appeal for a period reasonably necessary to permit the defendant to assist in preparing the appeal.

See also United States v. Abuhouran, Crim. No. 95-560, 2006 WL 1805547 at *3 (E.D. Pa. 2006). Application of this rule is within the court's discretion. (Id.) And Supreme Court precedent also governs the propriety of a prison transfer. See Burke v. Romine, 85 Fed.Appx. 274, 277 (3d Cir. 2003). In Meachum v. Fano, the Court rejected a group of prisoners' claims that their respective transfers to another prison with substantially less favorable conditions violated their due process rights because they were not given adequate notice or an opportunity to be heard. 427 U.S. 215, 216 (1976). The Supreme Court explained:

> The Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison. . . .The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons . . . . Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all."

Id. at 224, 228 (internal citations omitted). While Meachum applied to state prison transfers, in Olum v. Wakinekona, the Supreme Court applied the same standard to a transfer between states. 461 U.S. 238 (1983). The Court stated, "Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State. Id. at 245.

### III.  ANALYSIS

Defendant's Petition here is premised on the BOP's erroneous calculation of his sentence. However, since Defendant was resentenced following the United States Supreme Court decision in Davis, the BOP has correctly calculated his sentence and the applicable good time credit. There

6

is nothing that the BOP has done in the execution of his sentence that is inconsistent with what the Court ordered at Defendant's resentencing hearing on June 17, 2021. Hence, the Petition is moot and for this reason will be denied.[6]

Further, in regard to his Motion for a Certificate of Innocence, Defendant has not proved actual innocence and therefore is not entitled to a Certificate of Innocence. Even after Count V was vacated, he is still guilty on five other charges. Moreover, he has not shown that he did not in fact commit a crime. Therefore, since he is not actually innocent, and a civil suit against the Government would be meritless, his Motion for a Certificate of Innocence will be denied.

With respect to his Motion for Transfer back to FDC Philadelphia, it is clear from Supreme Court precedent that, after a criminal defendant is convicted, he has no justifiable expectation in which state he will be housed. In addition, the Court declines under Fed. R. of Crim. P. 38(b)(2) to recommend that Hoffman be confined at the FDC in Philadelphia. Thus, the Motion for Transfer back to FDC Philadelphia will be denied.

## IV.    CONCLUSION

For the foregoing reasons, Marcellas Hoffman's petition for habeas corpus (Doc. No. 1), his Motion for a Certification of Innocence (Doc. No. 2), and his Motion for Transfer back to the FDC Philadelphia (Doc. No. 12) will be denied. An appropriate order follows.

---

[6] The discovery Hoffman requests in his Reply brief is based on the Petition. Since the Petition is being denied, his discovery requests are now moot.